| | |
|---|---|
| **Troy G. Sexton WSB No. 48826**<br>tsexton@portlaw.com<br>Motschenbacher & Blattner, LLP<br>117 SW Taylor St., Suite 300<br>Portland, OR 97204<br>Telephone: (503) 417-0508<br>Facsimile: (503) 417-0528<br>Attorneys for Plaintiff | The Honorable Mary Jo Heston<br>Chapter 13 Proceeding |

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>JOANNE VAN VEEN,<br><br>Debtor. | Bankruptcy Case No. 21-41198-MJH<br><br>Adv. Proc. No.<br><br>COMPLAINT |
| PDX RENOVATIONS, LLC, an Oregon limited liability company;<br>PDX Fund, LLC, AN Oregon limited liability Company; Bellajor, LLC, an Oregon limited liability company; KMA CONSULTING, INC., an Oregon corporation; URBAN DESIGN CONCEPTS, LLC, an Oregon limited liability company; WILDCARD INVESTMENT, LLC, an Oregon limited liability company; and<br>JPT ENTERPRISES, INC., an Oregon corporation;<br><br>Plaintiffs,<br>v.<br><br>JOANNE DENISE VAN VEEN, a/k/a JOANNE TYNAN, an individual;<br><br>Defendant. | |

Page 1 – ADVERSARIAL COMPLAINT
{00477159:3}

Plaintiffs PDX Renovations, LLC; PDX Fund, LLC; Bellajour, LLC; KMA Consulting, Inc.; Urban Design Concepts, LLC; Wildcard Investments, LLC; and JPT Enterprises, Inc. ("Creditors") by and through their attorneys of record Motschenbacher & Blattner, LLP, by Troy G. Sexton, and for their Complaint against Defendant Joanne Van Veen ("Defendant") hereby alleges as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I), and (O).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

### PARTIES AND CONSENT TO FINAL JUDGMENT

3. Plaintiffs are in the business of acquiring, renovating and selling real property in Oregon.

4. Defendant filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on July 16, 2021, (the "Petition Date").

5. Plaintiffs consent to the entry of final orders or judgment by the Bankruptcy Court.

### STATEMENT OF FACTS

6. In Defendant's Schedules and Statement of Financial Affairs, Defendant states that she has been a self-employed bookkeeper as the owner of Jovan Management Services from 2011 to the present.

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204-3029
(503) 417-0500
www.portlaw.com

7. In 2016, Plaintiff hired the Defendant as their accountant and bookkeeper. Her duties included making deposits; reviewing, approving and paying accounts payables; collecting accounts receivables; writing, signing and endorsing checks for legitimate business expenses out of the corporate bank accounts; maintaining the books and records of the corporations; and reconciling and balancing the bank statements.

8. Defendant made false material representations to the Plaintiffs by creating false account payables entries in Plaintiffs' books reflecting amounts due to others.

9. Defendant then willfully and malicious with intent to defraud the Plaintiffs wrote checks to herself on account of the false accounting entries to misappropriate funds for which she was not authorized, approved or entitled to receive.

10. Plaintiffs have identified at least 164 fake and/or forged checks totaling a sum not less than $154,077.49 for Defendant's personal benefit.

11. Plaintiffs believe they will continue to uncover more checks and transaction of fraud and embezzlement over the course of this litigation.

12. Defendant, with assistance from Plaintiff's subcontractors, Stacy Raften and Joel Raften, through their entity LOL Enterprises, LLC d/b/a LOL Investment, willfully and maliciously, with intent to defraud the Plaintiffs, submitted overstated and false invoices for payment to the Plaintiffs.

Page 3 – ADVERSARIAL COMPLAINT
{00477159:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204-3029
(503) 417-0500
www.portlaw.com

13. Defendant, as a co-conspirator, with willful and malicious intent to defraud the Plaintiffs willingly wrote and paid the overstated and false invoices to the Raftens' company, for which she received a portion of the overstated amounts back as a kick-back.

14. Based on Plaintiffs' investigation, the Defendant made unsubstantiated payments to the Raftens in amounts not less than $104,344.20.

**FIRST CLAIM FOR RELIEF**
11 U.S.C. § 523(a)(2)(A) — Fraud

15. The Plaintiffs reallege the allegations above as if set forth in full.

16. The Defendant made false material representations by creating false accounts payable entries in Plaintiffs' books and writing checks to herself for funds she was not authorized, approved, or entitled to receive, all for her personal benefit.

17. The Defendant made these representations knowing that they were false and with the intention to deceive the Plaintiffs

18. The Defendant intended that Plaintiffs rely on the misrepresentations.

19. Plaintiffs justifiably relied on the misrepresentations.

20. As a direct and proximate result of that reliance, Plaintiffs have been damaged in an amount to be proven at trial but not less than $258,421.69.

21. Plaintiffs reserve the right to move for punitive damages as Defendant acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and further acted with a conscious indifference to the

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204-3029
(503) 417-0500
www.portlaw.com

health, safety, and welfare of others by knowingly embezzling and misappropriating Plaintiffs' funds for her personal enjoyment and for the enjoyment of others when she knew she and they were not entitled to them and causing Plaintiffs to suffer significant damages.

### SECOND CLAIM FOR RELIEF
11 U.S.C. § 523(a)(4) — Fraud or Defalcation in a Fiduciary Capacity

22. The Plaintiffs reallege the allegations above as if set forth in full.

23. The Defendant was a fiduciary. As the Plaintiff's bookkeeper, she was in a position involving confidence, trust and good faith. She was entrusted with control and oversight of the Plaintiff's bank accounts, and had authority to issue checks on those accounts for legitimate business expenses without approval of another.

24. As a direct and proximate result of Defendant's fraudulent conduct, Plaintiffs have been damaged in an amount to be proven at trial but not less than $258,421.69.

25. Plaintiffs reserve the right to move for punitive damages as Defendant acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and further acted with a conscious indifference to the health, safety, and welfare of others by knowingly embezzling and misappropriating Plaintiffs' funds for her personal enjoyment and for the enjoyment of others when

Page 5 – ADVERSARIAL COMPLAINT
{00477159:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204-3029
(503) 417-0500
www.portlaw.com

she knew she and they were not entitled to them and causing Plaintiffs to suffer significant damages.

### THIRD CLAIM FOR RELIEF
11 U.S.C. § 523(a)(4) — Embezzlement

26. The Plaintiffs reallege the allegations above as if set forth in full.

27. The Defendant took money that was rightfully in the Plaintiff's bank accounts. Defendant was entrusted with access to those accounts for the payment of Plaintiff's authorized bills and expenses.

28. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount to be proven at trial but not less than $258,421.69.

29. Plaintiffs reserve the right to move for punitive damages as Defendant acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and further acted with a conscious indifference to the health, safety, and welfare of others by knowingly embezzling and misappropriating Plaintiffs' funds for her personal enjoyment and for the enjoyment of others when she knew she and they were not entitled to them and causing Plaintiffs to suffer significant damages.

### FOURTH CLAIM FOR RELIEF
11 U.S.C. § 523(a)(6) — Willful and Malicious Injury

30. The Plaintiffs reallege the allegations above as if set forth in full.

Page 6 – ADVERSARIAL COMPLAINT
{00477159:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204-3029
(503) 417-0500
www.portlaw.com

31. Upon information and belief, Defendant willfully and maliciously injured Plaintiff by knowingly submitting false invoices in her name and forging checks to misappropriate funds she to which she was not entitled.

32. Defendant willfully and maliciously injured Plaintiffs by knowingly conspiring with the Raftens to submit overstated and unsubstantiated invoices for payment.

33. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount to be proven at trial but not less than $258,421.69.

34. Plaintiffs reserve the right to move for punitive damages as Van Veen acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and further acted with a conscious indifference to the health, safety, and welfare of others by knowingly embezzling and misappropriating Plaintiffs' funds for her personal enjoyment and for the enjoyment of others when she knew she and they were not entitled to them and causing Plaintiffs to suffer significant damages.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 7 – ADVERSARIAL COMPLAINT
{00477159:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204-3029
(503) 417-0500
www.portlaw.com

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment determining that the $252,421.69 debt arising out of Defendant's actions described herein, is non-dischargeable under Bankruptcy Code 11 U.S.C. § § 523(a)(2)(A), 523(a)(4), and 523(a)6), and granting Plaintiff such other and further relief as this Court may deem just and proper.

DATED October 26, 2021.

MOTSCHENBACHER & BLATTNER LLP

/s/Troy G. Sexton
Troy G. Sexton, WSB No. 48826
Attorneys for Plaintiffs

Page 8 – ADVERSARIAL COMPLAINT
{00477159:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204-3029
(503) 417-0500
www.portlaw.com